ARKANSAS FUEL OIL COMPANY *v.* ARKANSAS PROPERTIES CORPORATION.

4-5339 124 S. W. 2d 219

Opinion delivered January 30, 1939.

*Buzbee, Harrison, Buzbee & Wright* and *John M. Harrison,* for appellant.

*Isgrig & Robinson,* for appellee.

HOLT, J. This case comes here from a judgment in favor of appellee, in an action of unlawful detainer, in which the Pulaski circuit court, Third Division, sitting as a jury, held appellee to be entitled to monthly rental increase of $87.50 from April 1, 1938, and $50 rent for the month of March, 1938, and for possession of the building in question.

The appellee, Arkansas Properties Corporation, alleged in its complaint that it was the owner of the office building, in question, and "that defendant entered into possession of office room No. 1001 in said building on the first day of August, 1937, under an agreement to pay therefor the sum of $50 per month for said offices, and on the first day of February, 1938, the defendant was duly and legally notified that, commencing March 1, 1938, its rent would be increased from $50 to $137.50 per month and defendant is still in possession of the heretofore described offices; that defendant has since the first day of February, 1938, refused and failed to pay rent therefor, although said rent was then due and has been due and payable since the first day of February, 1938, and although over three days' notice to quit and a demand in writing for possession thereof by Isgrig & Robinson, agents for the plaintiff, defendant has refused to quit such possession and still holds the same and unlawfully detains the same from the plaintiff," and further that the defendant was indebted to it in the sum of $50 rent accrued on said property for the month of February, and prayed judgment for possession of said property, for $50 rental then due and for all rents that may accrue pending the suit and for all other proper relief. Appel-

lant, Arkansas Fuel Oil Company, after denying every material allegation in the complaint, set up the following additional defense: ''Defendant states that it is occupying the premises described herein under a lease, by the terms of which it has the use of said suite for a period of two years, beginning July 16, 1937, at a monthly rental of $50 per month, payable on the calendar month basis, with the privilege to defendant of renewing such lease for an additional period of two years, at the same rental. That it is ready and willing to pay to plaintiff the sum of $50 per month and that it has tendered such rentals upon said basis to plaintiff.''

The case was submitted to the court under an agreed statement of facts, which are substantially as follows: Appellee brings suit to recover possession of office room No. 1001, Medical Arts Building, formerly known as National Standard Building, located in Little Rock. Appellant claims possession by reason of lease agreement with Walter Pope, Receiver. Appellee obtained title and possession to said building as result of foreclosure proceedings under a mortgage duly recorded on February 11, 1936, and executed October 27, 1935, by National Standard Life Insurance Company to Joseph W. Bailey, Jr., Trustee, in trust for First National Bank in Dallas, covering this property. On June 3, 1936, Walter Pope was appointed receiver by the Pulaski circuit court to take charge of assets of National Standard Life Insurance Company, one being the building containing the office room in question. The receiver leased suite No. 1001 in the building to appellant for a two-year period, beginning July 16, 1937, at $50 per month, with privilege of two-year renewal on the same basis. Appellant moved in prior to July 16, 1937, and the lease was confirmed by reciprocal letters of receiver and appellant on August 5, 1937. The lease was not recorded nor was it approved by the circuit court, the only authority for the receiver entering this lease agreement being his general authority as receiver. The First National Bank of Dallas and Joseph W. Bailey, Jr., Trustee, were not made parties defendant in the case out of which the receiver was appointed.

On August 4, 1937, the First National Bank of Dallas and Joseph W. Bailey, Jr., Trustee, filed a petition in Cause No. 27902, pending in Pulaski circuit court, wherein state of Arkansas, *ex rel* Carl E. Bailey, Attorney General, was plaintiff and National Standard Life Insurance Company was defendant (case out of which Walter Pope was appointed receiver), stating that the First National Bank of Dallas held a mortgage for $40,000 against the properties of National Standard Life Insurance Company in Arkansas, subject to a $200,000 mortgage due by that Insurance Company to Reconstruction Finance Corporation, and in that petition the petitioners asked permission to make the receiver a party defendant in a suit to be instituted in the Pulaski chancery court to foreclose the lien held by the said bank. Permission was granted by the court. On the same day, August 4, 1937, suit was brought in Pulaski chancery court by First National Bank of Dallas and Joseph W. Bailey, Jr., Trustee, against the National Standard Life Insurance Company, Walter Pope, Receiver, *et al.*, to foreclose the within described mortgage. In the complaint, plaintiffs prayed for appointment of a receiver to take charge of the properties covered by said mortgage. Simultaneously with the filing of this suit, the plaintiffs filed a petition to which was attached a certified copy of the order entered in cause No. 27902, ordering Walter Pope, receiver, to sequester the rents as collected from the properties covered by the mortgage to the First National Bank of Dallas, and in this same petition withdrew petition for appointment of a receiver in the Pulaski chancery court. On the same date an order was entered in Pulaski chancery court in the proceeding therein pending, taking cognizance of the order of the Pulaski circuit court as described and assuming jurisdiction to direct the disposition of funds by Walter Pope, receiver, to the same extent as if such funds had been sequestered on plaintiff's application by a receiver appointed by the chancery court.

Thereafter, on December 9, 1937, the chancery court entered a decree foreclosing the mortgage of the First National Bank in Dallas, and in the decree

Walter Pope, receiver, was ordered to turn over the funds in his hands for the payment of taxes against the properties covered by said mortgage, and to make full report of his receivership upon sale and confirmation thereof.

Thereafter, on January 7, 1938, the property was sold in accordance with the decree, and was purchased by appellee, Arkansas Properties Corporation, subject only to the mortgage to the Reconstruction Finance Corporation. The name of the building was changed to Medical Arts Building. On February 1, 1938, appellee gave appellant notice that commencing on the next rental period the rent for Suite 1001, occupied by the appellant, would be increased from $50 per month to $137.50 per month. Appellant has since that time tendered $50 per month rentals and has refused to pay more. Appellee has refused to accept said tenders. Thereupon both sides rested.

The court on April 26, 1938, rendered judgment in favor of appellee for possession of the property in question; for rent in the sum of $50 per month for March, 1938, and for rent at the rate of $137.50 per month from April 1, 1938, to date of judgment. From this judgment comes this appeal.

The appellant contends that the trial court erred in holding that the receiver was without authority to make the lease in question and also that the court erroneously held that appellee had no notice of the appellant's lease.

Under the agreed facts, as reflected by this record, the receiver, without first procuring an order from the court, by which he was appointed and for which he was acting, entered into a lease contract with appellant for the office space in question for a term of two years at a rental of $50 per month and with the option to the lessee to renew the lease for an additional two years. It is our view, and we hold that the receiver was without authority to execute the lease in question beyond the life of his receivership without first having procured an order of the court. As receiver he was an officer, or an arm, of the court appointing him and subject to its orders, and when he entered into the lease contract with appellant he did so without approval of the court and his act was voidable.

The general rule is stated in Thompson on Real Property, vol. 2, p. 166, § 1093, as follows: "A receiver has no authority to execute a lease of property placed in his hands by the court, unless authorized by the court to do so, since a receiver is simply an officer of the court subject to the court's orders." And, also, in 53 Corpus Juris, p. 161, § 204, the rule is again stated: "In accordance with the general rules relating to other contracts, a receiver ordinarily has no power, without specific authorization by the court, to let any property which he holds as receiver, although it has been held that a receiver appointed to take possession of and collect the rents which might accrue from particular property, has the power and is under a duty to rent it; nor has he any power, in the absence of such authorization, to enter into a lease as lessee, especially for a term extending beyond the duration of the receivership, and if he takes such a lease, the court is not bound to recognize any equitable right of the lessor to be paid for the unexpired term after the ending of the receivership." This court in *Smith* v. *Murphy,* 141 Ark. 410, 216 S. W. 719, said: "The general rule of law is that 'all persons dealing with receivers . . . do so at their peril, and are bound to take notice of their incapacity to conclude a binding contract without the sanction of the court.' High on Receivers (2 Ed.), § 186."

The record further discloses that the mortgage, which was the basis for the foreclosure suit filed in this case, was duly recorded with the proper officials of Pulaski county on the 11th day of February, 1936. The foreclosure suit was filed by the mortgagee, or holder of the mortgage, the First National Bank of Dallas and Joseph W. Bailey, Jr., as Trustee, on August 4, 1937, and the lease contract was entered into between the receiver and appellant on August 5, 1937. Appellant, therefore, had notice of the rights of the mortgagee herein and when the mortgagee, the First National Bank of Dallas, foreclosed its mortgage, making the receiver a party defendant in the foreclosure suit, and appellee became the purchaser at the foreclosure sale on January 7, 1938, the lease contract entered into between the receiver and ap-

pellant on August 5, 1937, could in no way impair the rights of the purchaser of the office building in question at the foreclosure sale, which sale foreclosed all the equity, rights, title and interest of the National Standard Life Insurance Company, a part of the assets of which was the office building in question in the hands of the receiver. In the case of *Smith* v. *Murphy, supra,* this court said: "It is a well recognized principle of law that: 'The purchaser at a judicial sale has a clear right to the possession of the property sold as against all parties to the proceeding in which the sale is made, and this right the court will summarily enforce by writ of assistance, or in some appropriate manner.' "

On the whole case we hold that no errors appear and that the judgment of the trial court should not be disturbed and that the case should be affirmed. It is so ordered.